[No. 16510-1-I. Division One. August 5, 1987.]

BETTY WOODS, *Respondent,* v. WILLIAM C. WOODS, *Appellant.*

*R. George Ferrer* and *Montgomery, Purdue, Blankinship & Austin*, for appellant.

*Frank R. Siderius, Charles R. Lonergan*, and *Siderius, Lonergan & Crowley*, for respondent.

WILLIAMS, J.—In this suit against her former husband, William Woods, Betty Woods asked that she be declared to have the right to control the cremated remains of their deceased adult son, Christopher. Evergreen–Washelli Memorial Park, the repository of the remains, was made a party defendant. Upon motion to show cause, a final order was entered requiring the cemetery to deliver the remains to Betty. William appeals.

The Woods were divorced in April 1981. When their son, Christopher, died in an automobile accident on April 16, 1983, at the age of 18, Betty had the body cremated. Upon arriving for the funeral, William who resided in Idaho and had been ill, accepted the fact of cremation and agreed with Betty to the placement of the ashes with Evergreen–Washelli. Eleven months later, Betty told William she wished to remove the cremated remains. William objected, Evergreen–Washelli refused to deliver, and this litigation followed.

Possession of cremated remains is governed by former RCW 68.08.245:

> The person or persons determined under RCW 68.08-.160 as having authority to order cremation shall be entitled to possession of the cremated remains without further intervention by the state or its political subdivisions.

Former RCW 68.08.160, referred to in the preceding section, provides:

The right to control the disposition of the remains of a deceased person, unless other directions have been given by the decedent, vests in, and the duty of interment and the liability for the reasonable cost of interment of such remains devolves upon the following in the order named:
(1) The surviving spouse.
(2) The surviving children of the decedent.
(3) The surviving parents of the decedent.
The liability for the reasonable cost of interment devolves jointly and severally upon all kin of the decedent hereinbefore mentioned in the same degree of kindred and upon the estate of the decedent.

█ As there was no surviving spouse or children, the parents are by this statute entitled to possession of the cremated remains. William and Betty agreed to the placement with Evergreen–Washelli. There is no rule of law that this agreement can be unilaterally rescinded, nor is there any evidence why one parent should be given preference over the other.

The judgment is reversed and the cause dismissed.

SCHOLFIELD, C.J., and WEBSTER, J., concur.